# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS
No. 14-245V
Filed: August 13, 2014
Not for Publication

*************************************

| | |
|---|---|
| WANDA UNDERWOOD, * | |
| * | |
| Petitioner, * | |
| * | Damages decision based on proffer; |
| v. * | influenza (flu) vaccine; shoulder |
| * | injury related to vaccine |
| SECRETARY OF HEALTH * | administration (SIRVA) |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * | |

*************************************

Ronald C. Homer, Boston, MA, for petitioner.
Alexis B. Babcock, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING DAMAGES[1]

On March 31, 2014, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2006), alleging that she suffered a left arm and shoulder injury secondary to the influenza ("flu") vaccination she received on October 14, 2011.  On June 30, 2014, respondent filed a Rule 4(c) Report, conceding that petitioner suffered from a shoulder injury related to vaccine administration ("SIRVA") and recommending compensation.

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.  When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure.  If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

On August 13, 2014, respondent filed Respondent's Proffer on Award of Compensation. The undersigned finds the terms of the proffer to be reasonable.  Based on the record as a whole, the undersigned finds that petitioner is entitled to the award as stated in the proffer.  Pursuant to the terms stated in the attached proffer, the court awards:

    a.  a lump sum payment of **$135,000.00**, representing compensation for actual and projected pain and suffering ($128,068.99) and past unreimbursed expenses ($6,931.01). The award shall be in the form of a check for **$135,000.00** made payable to petitioner; and

    b.  a lump sum payment of **$321.38**, representing compensation for satisfaction of the State of Illinois Medicaid lien.  The award shall be in the form of a check for **$321.38** made payable jointly to petitioner and

> Illinois Department of Healthcare and Family Services – Bureau of Collections
> Technical Recovery Section
> P.O. Box 19174
> Springfield, IL 62794-9174

> Petitioner agrees to endorse this payment to the State of Illinois.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: August 13, 2014

                                         /s/ Laura D. Millman
                                         by Nora Beth Dorsey
                                          Laura D. Millman
                                            Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

2

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

_____
                                          )
WANDA UNDERWOOD,                          )
                                          )
                    Petitioner,           )
                                          )        **No. 14-0245**
v.                                        )        **Special Master Millman**
                                          )
SECRETARY OF HEALTH AND                   )
HUMAN SERVICES,                           )
                                          )
                    Respondent.           )
_____)

<u>**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**</u>

On March 31, 2014, Wanda Underwood ("petitioner") filed a petition for compensation

under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34.

Petitioner alleges that she received an influenza vaccine on October 14, 2011, and subsequently

suffered from a left arm and shoulder injury secondary to the vaccination.  Petition at 7-8.  On

June 30, 2014, the Secretary of Health and Human Services ("respondent") filed a Vaccine Rule

4(c) Report, conceding that petitioner suffered from a shoulder injury related to vaccine

administration ("SIRVA"), and recommending that the Court award petitioner compensation.

Respondent's Rule 4(c) Report at 5.  Respondent hereby submits the following proffer regarding

the award of compensation.

**I.          <u>Items of Compensation</u>**

     A.  <u>Future Medical Care Expenses</u>

Respondent proffers that based on the evidence of record, petitioner is not entitled to an

award for projected unreimbursable medical care expenses incurred from the date of judgment as

provided under 42 U.S.C. § 300aa-15(a)(1)(A).  Petitioner agrees.

B. <u>Lost Earnings</u>

Respondent proffers that based upon the evidence of record, petitioner has not and is not likely to suffer a loss of earnings as a result of her vaccine-related injury.  Accordingly, the Court should not award lost future earnings as provided under § 300aa-15(a)(3)(A).  Petitioner agrees.

C. <u>Pain and Suffering</u>

Respondent proffers that the Court should award petitioner a lump sum of $128,068.99 for her actual and projected pain and suffering.  This amount reflects that the award for projected pain and suffering has been reduced to net present value.  <u>See</u> § 300aa-15(a)(4).  Petitioner agrees.

D. <u>Past Unreimbursable Expenses</u>

Respondent proffers that based upon the evidence of record, petitioner has incurred past unreimbursable expenses related to her vaccine-related injury in the amount of $6,931.01. Petitioner agrees.

E. <u>Medicaid Lien</u>

Respondent proffers that Wanda Underwood should be awarded funds to satisfy the State of Illinois lien in the amount of $321.38, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Illinois may have against any individual as a result of any Medicaid payments the State of Illinois has made to or on behalf of Wanda Underwood from the date of his eligibility for benefits through the date of judgment in this case as a result of his vaccine-related injury suffered on or about October 14, 2011, under Title XIX of the Social Security Act.

## II.        Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment as described below and request that the Special Master's decision and the Court's judgment award the following[1]:

   A.        a lump sum payment of $135,000.00, representing compensation for actual and projected pain and suffering ($128,068.99) and past unreimbursed expenses($6,931.01),  in the form of a check payable to petitioner; and

   B.        A lump sum payment of $321.38 representing compensation for satisfaction of the State of Illinois Medicaid lien, payable jointly to petitioner and

   Illinois Department of Healthcare and Family Services - Bureau of Collections
   Technical Recovery Section
   P.O. Box 19174
   Springfield, IL  62794-9174

Petitioner agrees to endorse this payment to the State of Illinois.

## III.        Summary of Recommended Payment Following Judgment

   A.        A lump sum payment of $135,000.00 payable solely to petitioner; and

   B.        A lump sum payment of $321.38 payable jointly to petitioner and the Illinois Department of Healthcare and Family Services.

                         Respectfully submitted,

                         STUART F. DELERY
                         Assistant Attorney General

                         RUPA BHATTACHARYYA
                         Director
                         Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future pain and suffering.

3

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

GLENN A. MACLEOD
Senior Trial Counsel
Torts Branch, Civil Division

/s/ Alexis B. Babcock

ALEXIS B. BABCOCK
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.: (202) 616-7678

Dated: August 13, 2014